UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOANNE JOHNSON,   Case No. 21-cv-665

    Plaintiff,

vs.

ASSURED RECOVERY LLC

and

Y&D CORPORATION,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Joanne Johnson, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and complains of Defendants Assured Recovery LLC and Y&D Corporation, and, alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

**Parties**

8. Plaintiff Joanne Johnson (hereinafter "Plaintiff") is a natural person who resides in the County of Marinette, State of Wisconsin.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1962a(3) and a "customer" as defined by Wis. Stats. § 421.301(17).

10. Defendant Assured Recovery LLC (hereinafter "Defendant Assured") is a domestic business with a principal office address at 2771 Bristol Mountain Trail, Green Bay, WI

54313. Defendant's registered agent is Zachary Roush, 6154 State Highway 57, De Pere, WI 54115.

11. Defendant Assured regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

12. Defendant Assured is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondent superior, agency, and vicarious liability.

13. Defendant Y&D Corporation (hereinafter "Defendant Y&D") is a Wisconsin corporation with a location at 2564 Lineville Road, Green Bay, WI 54313 and a registered agent of Michael T. Dorsch at 2641 Eaton Road, Green Bay, WI 54311.

14. Defendant Y&D is a "debt collector" as defined by Wis. Stat. § 427.103(3) and a "merchant" as the term is defined by Wis. Stat. § 421.301(25).

15. Defendant Y&D is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, vicarious liability, and non-delegable duties

**BACKGROUND**

16. Plaintiff previously purchased a vehicle from Defendant Y&D and obtained financing from Defendant Y&D for the vehicle purchase. The parties executed a retail installment sales contract for less than $25,000, and the debt was incurred primarily for family, personal, or household purposes.

17. The vehicle Plaintiff purchased from Defendant Y&D was a 2012 Kia Optima Hybrid.

18. The vehicle was subject to a lien held by Defendant Y&D related to the extension

of financing reference above.

19. In 2021, Plaintiff fell behind on her vehicle payments.

20. At some time in 2021 Defendant Y&D hired Defendant Assured to repossess the Plaintiff's vehicle.

21. On May 10, 2021, Defendant Assured went to repossess the vehicle from Plaintiff's residence.

22. The repossession agents/employees of Defendant Assured confronted Plaintiff in her yard, informing her that they were present to repossess her vehicle.

23. Plaintiff protested the repossession directly and clearly to the repossession agents/employees of Defendant Assured.

24. Defendant Assured's repossession employees/agents heard and acknowledged the protest, stating that if Plaintiff continued to protest they would call the police to assist with the repossession.

25. The repossession employees/agents of Defendant Assured thereafter took the vehicle of Plaintiff over her verbal protest.

26. Since the repossession, Plaintiff has been deprived of the ownership and use of the vehicle, suffering actual damages.

27. Defendant Y&D is liable for the acts of Defendant Assured in repossessing the vehicle.

### Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692) – Defendant Assured only

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing deliberate acts by Defendant Assured constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6).

30. Specifically, Defendant could not legally take the vehicle due to the protest of the repossession – as the taking over their protest was a violation of Wisconsin statutes related to the repossession of vehicles.

31. As a result of the above violations of the FDCPA, Plaintiff has suffered emotional distress (constituting actual damages), actual damages, loss of use, loss of personal property, and other actual damages, pursuant to 15 U.S.C. §1692k(a)(1).

32. Defendant Assured is liable to Plaintiff for actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

**Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. 425) – All Defendants**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Repossessions are governed by Wis. Stat. § 425.206(2), which clearly states that while repossessing collateral or leased goods, no merchant may commit a breach of the peace.

35. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

36. A breach of the peace occurred when the car was taken after Plaintiff protested taking of the vehicle.

37. A violation occurred when the car was taken over the verbal protest of the Plaintiff.

38. Defendant Y&D is liable for the acts of Defendant Assured and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of

5

Case 1:21-cv-00665-WCG   Filed 05/27/21   Page 5 of 7   Document 1

respondeat superior, agency, and vicarious liability. *Russell v. Santander Consumer USA, Inc.*, No. 19-CV-119, 2020 U.S. Dist. LEXIS 101404, at *19 (E.D. Wis. June 9, 2020). See also, *Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943, 955 (E.D. Wis. 2018).

39. Under Wis. Stat. § 425.305, Plaintiff is seeking return of the vehicle (or the fair market value of the vehicle prior to the repossession), avoidance of the vehicle lien, actual damages, statutory damages, punitive damages, return of payments already made towards the cars, and reimbursement of attorney fees and costs from Defendants.

**Count 3 – Violations of the Wisconsin Consumer Act (Wis. Stat. 427) – All Defendants**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants' conduct was an attempt to collect constitutes a "claim" as that term is defined at Wis. Stat. 427.103(1).

42. The Defendants' conduct violated Wis. Stat. § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiff's Vehicle.

43. The Defendants' conduct violated Wis. Stat. § 427.104(1)(j) in that they did not have a right to repossess the Vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

44. The Defendants are liable to the Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## Trial by Jury

45. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Assured;
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Assured;
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Assured;
D. a return of the vehicle (or the fair market value of the vehicle prior to the repossession), avoidance of the vehicle lien, actual damages, statutory damages, punitive damages, return of payments already made towards the cars, and reimbursement of attorney fees and costs under Wis. Stat. § 425.305 against all Defendants;
E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 against all Defendants;
F. for such other and further relief as may be just and proper.

Dated this 27th day of May, 2021.

    s/ Nathan E. DeLadurantey
    Nathan E. DeLadurantey (WI# 1063937)
    DeLadurantey Law Office, LLC
    330 S. Executive Drive, Suite 109
    Brookfield, WI 53005
    (414) 377-0515
    Nathan@dela-law.com

    *Attorney for the Plaintiff*